MATHEWS, Justice.
This is an appeal from a conviction of conducting a lottery and selling tickets in a lottery for money.
 A witness for the State, on cross examination, was asked the broad question, “You testified that you were present at the time the law enforcement officers came in. Tell me, the best you can remember, what happened from the beginning to the end.” The witness had already testified *499 that he had bought bolita and cuba tickets from the appellant and had paid for them with the understanding that if his numbers fell, he would receive a certain sum of money. This witness was present while the officers were there. On further cross examination, the defendant’s attorney asked this witness what was found in the front room when the officers came in, and he replied, “Found some books. * * * He [the sheriff] had the books when I came in the front.” In response to another question, the witness stated, “I told you to start with that I was in the back and he had the books when I came out the back, he had them already.”
After this testimony was elicited by the defendant’s attorney on cross examination, the State asked further questions about the books without any objection whatsoever from the defendant.
Thereafter, these particular books, which had been inquired about on cross examination of the State’s witness by the defendant’s attorney, were admitted in evidence.
The appellant now contends that it was reversible error for the Court to have permitted the State to inquire about books about which the appellant had inquired on cross examination and for the books to have been admitted into evidence.
There is no merit in this contention. The first time we find any evidence about books was that elicited by the defendant’s attorney on cross examination. The defendant is in no position to complain because the State asked further questions which brought before the Jury more complete information concerning that about which the defendant had inquired.
This is a case where the defendant opened the door and the State accepted the implied invitation to enter.
In 22 C.J.S., Criminal Law, § 660(b), p. 1041, the author states:
“Where accused inquires of a witness or makes statements concerning matters in writing or subjects of demonstrative evidence, he opens the door to the admission thereof and cannot properly object to their being received against him.”
See also State v. Browman, 191 Iowa 608, 182 N.W. 823; Taylor v. State, 139 Fla. 542, 190 So. 691, 124 A.L.R. 835; and Louette v. State, 152 Fla. 495, 12 So.2d 168.
We find no reversible error in the record.
Affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ„ concur.